UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

MICHAEL GRESHAM #272603,

        Plaintiff,        Case No. 2:10-cv-195

v.        Honorable R. Allan Edgar

PATRICIA CARUSO, et al.,

        Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Discussion**

I.   Factual allegations

Plaintiff Michael Gresham, an inmate at the Ionia Maximum Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants MDOC Director Patricia Caruso, Manager Linda Wittman, Acting Inspector L. Marshall, Correctional Medical Services (CMS), Hearing Officer Thomas O. Mohrman, Hearing Investigator Rick H. Mohr, Resident Unit Officer Unknown Vien, Resident Unit Officer P. Lay, Hearings Administrator Matthew D. Young, and Hearings Administrator Richard B. Stapleton.

In his complaint, which is somewhat incoherent, Plaintiff fails to allege any specific facts with regard to the majority of the listed Defendants. Plaintiff asserts that on August 9, 2010, he received a false misconduct ticket from Defendant Marshall, which was not reviewed until August 13, 2010, in violation of policy. Plaintiff claims that staff at Baraga, Marquette and Ionia conspired to conceal the fact that Plaintiff had been raped and to deny him evidence for use in Case No. 2:09-cv-231. Plaintiff states that Defendant Marshall denied him a callout for his hearing, and that Defendants Lay and Vien denied him a fair investigation. Plaintiff asserts that the misconduct ticket was in retaliation for grievances he filed on Officers White and Peterson, as well as for his previous lawsuits. Plaintiff states that supervisory Defendants were informed of the retaliation and failed to take any corrective action.

Plaintiff attaches a copy of the August 27, 2010, misconduct hearing report to his complaint. Plaintiff was charged with interference with the administration of rules and insolence. In the Evidence/Statements section of the report, Defendant Mohrman notes:

> Per [Resident Unit Officers] Lay and Vien, the prisoner when asked if he was attending his hearing, declined to do so. I take this as a refusal and hold the hearing without the prisoner present.
>
> This hearing officer then read the misconduct, entered a not guilty and noted the prisoner declined to make any statements when interviewed or to provide any prepared documents.
>
> Attached was the investigation packet which was done in response to the prisoners allegation. The prisoner submitted two grievances. These are not marked confidential. All other materials are marked confidential as this prisoner should not have this information as it contains personal information and observations on staff.

Defendant Mohrman found Plaintiff guilty of interference with the administration of rules, stating:

> I uphold the charge. I conclude that the prisoners deliberately and intentionally made false statements regarding Officer Peterson in order to subject him to the employee discipline policy. The date of the report is 8-9-09. However, prior to that date the prisoner had made the same allegation to ICF staff on 7-30-09; he claimed he was raped at MBP on 7-10-09 between 0700 hours and 1130 hours. He told the ICF inspector that he was raped while in his cell and that the officer had grabbed him on each side of his hips, held him down and inserted his finger into the prisoner's rectum. He claimed reporting this to various staff members at MBP. I do not find it logical or persuasive, however, that this incident occurred. The prisoner changed his version after this first one to the Inspector. He then claimed in subsequent grievances that [Resident Unit Officer] White was involved. Then he claimed that [Resident Unit Officers] held him down while Peterson raped him. The prisoner is not credible. All the prison staff he stated he told this too [sic] denied having been told anything of the alleged rape. The prisoner first said he was held down by Peterson as he placed his hands on his hips. If that were the case, Peterson would not have been physically able to inset [sic] his fingers into his rectum. (Officer Peterson only has two hands and both of those were on the prisoner's hips according to his initial statement.) None of the prisoner's statements can be verified. He did not tell staff as he claimed. He did not give any boxers to Captain Fleury. In fact he made no comment on the incident until three weeks

> later at another facility. Then his version changed. It even changed from one grievance to the other. It is more logical that the prisoner fabricated the report because he was upset with the officer who had written him an assault and battery misconduct for an incident which occurred on 7-10-09 where the prisoner pulled the officer [sic] hand into the cell bars.

Hearing Officer Mohrman then dismissed the insolence charge, noting that while Plaintiff's comments were insulting, they were primarily made to begin disciplinary charges against the employee, so were covered by the interference with administration of rules misconduct.

Plaintiff claims that Defendants violated his First Amendment right to be free from retaliation. Plaintiff seeks damages and equitable relief.

II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct.

at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010) (holding that the *Twonbley/Ashcroft* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(I)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Much of Plaintiff's complaint is incoherent, conclusory and unsupported by specific factual allegations. Plaintiff makes generalized conclusory allegations regarding the failure of supervisors to take corrective action when notified of their subordinates' misconduct. Liability under Section 1983 must be based on more than merely the right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). Thus, Section 1983 liability cannot be premised upon mere allegations of *respondeat superior*. *Monell*, 436 U.S. at 691; *Polk*, 454 U.S. at 325. A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990);

*Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982). *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

Supervisory officials can be held liable for the acts of their subordinates only if plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of plaintiff's federal rights. *See e.g. Leach*, 891 F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985). However, the failure of a supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct. *Leach*, 891 F.2d at 1246. Such a claim requires, at a minimum, that the official had knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable. *See e.g. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992). In addition, plaintiff must show that defendant had some duty or authority to act. *See e.g. Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (lower level official not liable for shortcomings of building); *Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act); *accord Hall v. Shipley*, 932 F.2d 1147 (6th Cir. 1991). In addition, merely bringing a problem to the attention of a supervisory official is not sufficient to impose such liability. *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D. Mich. 1987) (Hillman, C.J.), *aff'd* 849 F.2d 228 (6th Cir. 1988). Finally, supervisory liability claims cannot be based on simple negligence. *Leach*, 891 F.2d at 1246; *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd* 915 F.2d 1574 (6th Cir. 1990).

Plaintiff has not alleged facts establishing that Defendants Caruso, Wittman, Young and Stapleton were personally involved in the activity which forms the basis of his claims. The only roles that Caruso, Wittman, Young and Stapleton have in this action involve the denial of administrative grievances or the failure to act. Defendants Caruso, Wittman, Young and Stapleton cannot be liable for such conduct under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *cert. denied*, 530 U.S. 1264 (2000). Accordingly, the Court concludes that Plaintiff's claims against Defendants Caruso, Wittman, Young and Stapleton are properly dismissed for lack of personal involvement.

With regard to Plaintiff's claims against Defendant Mohrman, the Sixth Circuit, recognizing that a Michigan hearings officer has adjudicatory functions spelled out by statute in the nature of an administrative law judge, has held that hearings officers are entitled to absolute judicial immunity in relation to actions within the officer's authority. *Shelly v. Johnson*, 849 F.2d 228, 229 (6th Cir. 1988); MICH. COMP. LAWS §§ 791.251-255. *See also Williams v. McGinnis*, Nos. 02-1336, 02-1837, 2003 WL 245352, at *2 (6th Cir. Jan. 31, 2003) (recognizing that Michigan's prison hearings officers are entitled to absolute immunity); *Thompson v. Mich. Dep't of Corr.*, No. 01-1943, 2002 WL 22011, at *1 (6th Cir. Jan. 2, 2002) (same); *Gribble v. Bass*, No. 93-5413, 1993 WL 524022, at *2 (6th Cir. Dec. 16, 1993) (same). The court concludes that Defendant Mohrman is absolutely immune under the circumstances of this case.

Plaintiff makes a conclusory claim that Defendants Vien, Lay and Marshall retaliated against him by refusing to properly investigate his evidence with regard to the major misconduct ticket. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to

set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Filing a grievance is constitutionally protected conduct under the First Amendment. See Smith v. Campbell, 250 F.3d 1032, 1037 (6th Cir. 2001); Noble v. Schmitt, 87 F.3d 157, 162 (6th Cir. 1996). Temporal proximity may be "'significant enough to constitute indirect evidence of a causal connection so as to create an inference of retaliatory motive.'" *Muhammad v. Close*, 379 F.3d 413, 417-18 (6th Cir. 2004) (quoting *DiCarlo v. Potter*, 358 F.3d 408, 422 (6th Cir. 2004)). However, "[c]onclusory allegations of temporal proximity are not sufficient to show a retaliatory motive." *Skinner v. Bolden*, 89 F. App'x 579, 580 (6th Cir. 2004).

Moreover, *Muhammad* does not stand for the proposition that temporal proximity alone is sufficient to create an issue of fact as to retaliatory motive.

> In *Muhammad* the Sixth Circuit did not resolve the issue, but merely observed that "temporal proximity alone **may be** 'significant enough to constitute indirect evidence of a causal connection so as to create an inference of retaliatory motive.' " Id. at 418 (quoting DiCarlo v. Potter, 358 F.3d 408, 422 (6th Cir.2004) (emphasis added). Even if temporal proximity may in some cases create an issue of fact as to retaliatory motive, it would only be sufficient if the evidence was "significant enough." Plaintiff's conclusory and ambiguous evidence is not "significant enough" to create an issue of fact as to retaliatory motive.

*Brandon v. Bergh*, 2010 WL 188731, slip op. at 1 (W.D. Mich., Jan. 16, 2010). As noted above, Plaintiff fails to allege any specific facts in support of his retaliation claims against Defendants Vien, Lay and Marshall. Therefore, these claims are properly dismissed.

Finally, the court notes that Plaintiff fails to assert any specific claims against Defendants CMS or Mohr in the body of his complaint. Nor does Plaintiff make any factual allegations against these Defendants. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

In addition, Plaintiff's pending motions for a preliminary injunction (docket #10), to produce docket sheets (docket #18), and for order (docket #28) will be denied as moot.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

An Order and Judgment consistent with this Opinion will be entered.


Dated:     4/11/2011              /s/ R. Allan Edgar
                                  R. Allan Edgar
                                  United States District Judge